UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JY CREATIVE HOLDINGS, INC.,

    Appellant,

v.                                                       Case No: 8:14-cv-2899-JSM

GERARD A. McHALE, JR.,[1]

    Appellee.

## ORDER

THIS CAUSE comes before the Court on appeal of the bankruptcy court's denial of JY Creative Holdings, Inc.'s motion to dismiss the bankruptcy case. The voluntary bankruptcy petition was filed by a court-appointed receiver ("Receiver") who was given the authority to administer and manage the Debtors' affairs. Appellant, who has an ownership interest in the Debtors, moved the bankruptcy court to dismiss the case because the Receiver did not obtain the consent of the board of directors before filing for bankruptcy. The issue before this Court is whether the Receiver had the proper authority

---

[1] On December 30, 2014, Chapter 7 Trustee Gerard A. McHale, Jr., was substituted as appellee in place of the Debtors, who include CRS Holding of America, LLC and its affiliates, Bargain Computer Products of Ybor City, LLC; Creative Recycling Services, LLC; Creative Recycling Solutions, LLC; Creative Recycling Systems of Georgia, LLC; Creative Recycling Systems of Illinois, LLC; Creative Recycling Systems of Kentucky, LLC; Creative Recycling Systems of Louisiana, LLC; Creative Recycling Systems of New England, LLC; Creative Recycling Systems of North Carolina, LLC; Creative Recycling Systems of North Florida, LLC; Creative Recycling Systems of Pennsylvania, LLC; Creative Recycling Systems of South Florida, LLC; Creative Recycling Systems of Tennessee, LLC; Creative Recycling Systems, LLC; Creative Recycling Technologies II, LLC; Creative Recycling Technologies III, LLC; Creative Recycling Technologies, LLC; Dynamic Leasing LLC; Environmental Services Sales & Marketing, LLC; Greenrock Rare Earth Recovery, LLC; and Planet Gadget USA, LLC.

to file a voluntary bankruptcy petition on behalf of the Debtors. Upon review, the Court concludes that the decision of the bankruptcy court should be affirmed.

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

The underlying bankruptcy case originates from a district court case in which Regions Bank and Regions Equipment Finance Corp. (collectively "Regions") sued the Debtors for alleged breaches of various loan documents. Regions also sued JY Creative Holdings, Inc. ("Appellant"), the Debtors' guarantor, for allegedly breaching its guaranty.

After filing suit, Regions filed a motion to appoint a receiver for the Debtors. The district court granted the motion, appointed a receiver, and authorized him to take all actions on behalf of the Debtors. The order specifically granted the Receiver "the power customarily exercised by the [Debtors'] officers and board of directors" and the power to "participate in legal actions to protect and preserve the [Debtors'] businesses" in the Receiver's own name and in the name of the Debtors. The district court also enjoined the Debtors from interfering with the Receiver's duties.

Appellant did not appeal the entry of the receivership order. The Receiver subsequently moved for entry of an order authorizing him to file voluntary petitions under Chapter 11 of the Bankruptcy Code on behalf of the Debtors. Over the objection of Appellant, the district court entered an order granting the Receiver's motion.

Pursuant to the district court's order authorizing bankruptcy petitions, but without obtaining approval from Appellant or the Debtors' boards of directors, the Receiver filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on behalf of the

Debtors. Appellant filed a motion to dismiss the bankruptcy case, asserting that the Receiver lacked authorization to file voluntary bankruptcy petitions on behalf of the Debtors. The bankruptcy court denied the motion, and Appellant appealed.

The question currently before the Court is whether the bankruptcy court properly denied Appellant's motion to dismiss based on its conclusion that the Receiver had the authority to file voluntary bankruptcy petitions on behalf of the Debtors.

## **INTERLOCUTORY APPEAL**

"The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." *Laurent v. Herkert*, 196 F. App'x. 771, 772 (11th Cir. 2006). Here, Appellant appeals an interlocutory order entered by the bankruptcy court. *See In re Donovan*, 532 F.3d 1134, 1136-37 (11th Cir. 2008) (holding that the bankruptcy court's order denying defendant's motion to dismiss was not a final order because by denying the motion, the bankruptcy court permitted the case to continue). A district court's decision to entertain an interlocutory appeal is discretionary and is governed by 28 U.S.C. § 1292(b). *Id.*; *see also* 28 U.S.C. § 158(a). In order to proceed under § 1292(b), a party must establish that:

> (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

*Laurent*, 196 F. App'x at 772 (citing § 1292(b)). Appellant has successfully established each of these elements, and the Court will proceed to analyze the issue raised on appeal.

## STANDARD OF REVIEW

Because the issue at hand involves a question of law, the Court reviews the conclusions of the bankruptcy court de novo. *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014).

## DISCUSSION

A federal district court's order appointing a receiver and authorizing him or her to file a bankruptcy petition on the debtor's behalf cannot be set aside by the bankruptcy court and is binding on the debtor. *See In re Stratesec, Inc.*, 324 B.R. 156, 157 (Bankr. D.D.C. 2004). Here, the receivership order authorized the Receiver to take all action on behalf of the Debtors, and it specifically enjoined the Debtors from interfering with the Receiver's duties. The district court subsequently issued an order explicitly authorizing the Receiver to file for bankruptcy on the Debtor's behalf. Because the receivership order was controlling when the Receiver filed for bankruptcy, his actions were proper. *See also In re Milestone Educ. Inst., Inc.*, 167 B.R. 716, 720 (Bankr. D. Mass. 1994) ("When an order appointing a receiver enjoins the directors from performing their management functions, the corporation is for all practical purposes dissolved and the receiver must perform the functions necessary to discharge his duties.").

Further, Appellant's argument fails on its merits. Appellant asserts that the authority to file a bankruptcy petition depends upon the corporate documents and state law, and both the Debtors' corporate documents and Florida state law mandate that a resolution of the board of directors is necessary to initiate a voluntary bankruptcy case for a corporate

debtor. Appellant is correct only to the extent it posits that Florida law *generally* requires the consent of the board of directors before a bankruptcy petition can be filed. *See In re Bel-Aire Invs., Inc.*, 97 B.R. 88 (Bankr. M.D. Fla. 1989) (dismissing bankruptcy case filed by company president where the board of directors had not resolved to file); *In re Am. Int'l Indus., Inc.*, 10 B.R. 695, 696 (Bankr. S.D. Fla. 1981) (requiring specific resolution of the board of directors before taking action consistent with filing a petition bankruptcy).

While Appellant focuses on the authority vested in members of the board, the pertinent inquiry relates to the authority of the receiver. To determine the permissible scope of the Receiver's authority, the Court defers to state law. *See In re StatePark Bldg. Grp., Ltd.*, 316 B.R. 466, 471 (Bankr. N.D. Tex. 2004) (holding that a receiver was authorized to file a voluntary bankruptcy petition because under Texas law the "receiver acts as management of the entity over which he has been appointed and has the authority to act for and on behalf of the [entity]").

There appears to be no Florida law supporting the proposition that once a receiver is appointed, the receiver is not authorized to act for and on behalf of the entity. Indeed, a requirement that a receiver must obtain the consent of the board of directors before acting on the board's behalf is inapposite to the role of a receiver.

Though not directly on point, Florida law allows the appointment of a receiver to dissolve a corporation where the board of directors is deadlocked or where a judgment creditor sues an insolvent corporation. *See* Fla. Stat. § 607.1430(2)(a), (4)(a); *Wenzel v. Burman*, 76 So. 3d 1005, 1006 (Fla. 3d DCA 2011) (approving receivership where court had determined that judicial dissolution was appropriate under § 607.1430). Furthermore,

once appointed, a receiver has the power to wind up corporations. *See* Fla. Stat. § 608.4492. Accordingly, it appears that under Florida law, when a receiver is appointed, the receiver steps into the shoes of the board of directors and can act for and on behalf of the entity *without* first obtaining the board's consent.

Finally, Appellant's primary support for its position comes from *In re Milestone Educational Institute, Inc.*, 167 B.R. 716. Though this case is instructive, its holding is not applicable. The bankruptcy court in *In re Milestone* took issue with a receivership order that authorized the receiver to file a voluntary bankruptcy petition on behalf of the debtors. *Id.* The court's concerns were twofold. First, the court was "unable to find any authority for the proposition that a receiver can replace a director, although a receiver can perform some of a director's management duties," and the only authority for the filing of the voluntary petition was the receivership order. *Id.* at 723. The court expressed that the scope of the receivership order was "unprecedented." Second, the filing of the bankruptcy petition must have the effect of terminating the receivership because a receivership and a bankruptcy proceeding cannot proceed in tandem, but the receivership order was silent on this issue. *Id.* ("[T]he filing of the bankruptcy petition must have the effect of terminating the receivership . . . . [T]he two proceedings cannot coexist").

Neither of those two concerns is present here. Although Florida law does not identify the exact parameters of a receiver's role, as discussed herein, the receiver seems to have substantial authority. Moreover, while the grant of authority may have been unprecedented at the time of *In re Milestone*, that is no longer the case. *See In re Louis J. Pearlman Enters., Inc.*, 398 B.R. 59 (Bankr. M.D. Fla. 2008) (state court had granted

receiver authority to file bankruptcy petitions); *In re Bayou Grp., LLC*, 564 F.3d 541 (2d Cir. 2009) (affirming where receiver had filed voluntary bankruptcy petition on debtor's behalf). Additionally, here, the bankruptcy court terminated the receivership and appointed a bankruptcy trustee to handle the proceedings. There is no issue as to the conflicting roles of trustee and receiver.

## CONCLUSION

Because the district court's receivership order and subsequent order authorizing bankruptcy petitions expressly gave the Receiver the authority to file bankruptcy petitions on the Debtors' behalf, the bankruptcy court correctly determined that the Receiver had standing to file the petitions. And, Florida law permits a receiver to act on behalf of the corporation, which supports the proposition that a receiver has the authority to file for bankruptcy.

It is therefore ORDERED and ADJUDGED that:

1. The Order of the Bankruptcy Court is hereby AFFIRMED.
2. The Clerk is directed to close this file.

DONE AND ORDERED at Tampa, Florida on this 10th day of February, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Bankruptcy Judge K. Rodney May, case #8:14-bk-10142-KRM
Counsel/Parties of Record

S:\Odd\2014\14-cv-2899 bk appeal .docx